NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FNU YENNI, | No. 15-73765 |
| Petitioner, | Agency No. A099-884-407 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023[**]
San Francisco, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,[***] District
Judge.

Yenni Fnu, a citizen of Indonesia, petitions for review of a decision of the

Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supported the BIA's conclusion that Fnu was not entitled to asylum because she did not establish either past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42)(A).

a. A petitioner who has demonstrated past persecution on account of a protected ground is entitled to a rebuttable presumption of future persecution. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). Persecution is "an extreme concept that means something considerably more than discrimination or harassment." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009) (cleaned up). "The key question is whether, looking at the cumulative effect of all the incidents that a Petitioner has suffered, the treatment [s]he received rises to the level of persecution." *Gormley v. Ashcroft*, 364 F.3d 1172, 1176–77 (9th Cir. 2004) (cleaned up). Although Fnu suffered past mistreatment, the record does not compel a finding that it rose to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003).

b. Even absent past persecution, an applicant may be entitled to asylum if she has a well-founded fear of future persecution, which can be established by proving "that she is a member of a disfavored group coupled with a showing that she, in

particular, is likely to be targeted as a member of that group." *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004) (cleaned up). Although ethnic Chinese, *id.* at 927, and Christians, *see Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), living in Indonesia are disfavored groups, Fnu failed to show a sufficiently individualized risk of persecution because of her membership in those groups, *see Halim v. Holder*, 590 F.3d 971, 973–74, 977–79 (9th Cir. 2009). And the record does not compel the conclusion that the Indonesian government acquiesces in or condones persecution of its Chinese or Christian citizens.[1]

2. Substantial evidence supported the denial of CAT relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). There is no evidence of past torture, and the record does not compel the conclusion that Fnu is more likely than not to be tortured if removed. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**

---

[1] Because Fnu fails to satisfy the standard of proof for asylum, she also "necessarily fails to satisfy the more stringent standard for withholding of removal." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).